IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Envy Gentlemen's Club, | ) |
| Plaintiff, | ) **ORDER RE DEFENDANT'S** |
| | ) **MOTION TO DISMISS** |
| vs. | ) |
| City of Minot, | ) Case No. 1:17-cv-103 |
| Defendant. | ) |

Before the Court is a Motion to Dismiss by defendant, City of Minot ("Minot"). (Doc. No. 14). Plaintiff, Envy Gentlemen's Club ("Envy"), has filed a response to which Minot has replied. (Doc. Nos. 15 & 16). On July 20, 2018, the court held a telephonic hearing on the motion.

## I. BACKGROUND

This case arises from certain zoning ordinance changes enacted by the Minot City Council on July 7, 2008. (Doc. No. 14). With the passage of Ordinance 4130, the City Council added the following section to Minot's Code of Ordinances:

**Sec. 18-205. Permitted locations for sexually oriented businesses**

1. *A sexually oriented business is prohibited from being established, located, operated or licensed in any district within the City of Minot other than the M-2 Heavy Industrial District,* and then only if it meets the conditions set forth in Section 15-5 of the Minot Zoning Ordinance

2. The sexually orientated business lawfully operating as of the effective date of this section and that is in violation of subsection 1 of this section shall be deemed a nonconforming use. The nonconforming use will be permitted to continue for a period of not to exceed three years. If a nonconforming use is discontinued for a period of 30 days or more it may not be reestablished. Such nonconforming use shall not be increased, enlarged, extended, or altered except that the use may be change to a conforming use.

(Doc. No. 14-1 & 14-2) (Italics added). Additionally, the City Council amended Section 15-5, "Adult Entertainment Center / Sexually Oriented Business," of the Minot Zoning Ordinances to reinforce the restriction on the location of sexually oriented businesses to an M-2 Heavy Industrial

1

District as well as outline other conditions necessary to operate such a businesses that are not at issue here. (Id.).

When Section 18-205 was enacted, Envy operated a licensed liquor establishment that featured "exotic dancers" at 101 S. Main Street in Minot, North Dakota.[1] Envy does not contest that the featuring of exotic dancers made its lounge a sexually oriented business within the meaning of Section 18-205 or that its location did not fall within an M-2 Heavy Industrial District. (Doc. Nos. 1; 14; 4-2, p.2; 14-4, p.1).

After the passage of Section 18-205, Envy was permitted to continue featuring exotic dancers at the 101 S. Main Street location as a nonconforming use during the three-year grace period provided for in Section 18-205(2). However, the grace period expired in 2011. (Doc. Nos. 1; 6; 14-3, p. 3).

In November 2010, and prior to the expiration of the three-year grace period, Envy commenced an action in state district court in Ward County challenging the constitutionally of the subject ordinances, as applied to it. (Doc. No. 14-2). On June 17, 2011, the state district court granted an *ex parte* request for a temporary injunction enjoining enforcement of the ordinances. (Doc. Nos. 1-1; 14-4, p. 3). However, upon a subsequent motion by Minot to lift the temporary injunction, the state district court vacated it on September 20, 2011, concluding that Envy was unlikely to prevail on the merits. (Doc. Nos. 1-2, 14-4, pp. 23-24). Since the lifting of the preliminary injunction, there has have been no further proceedings in state court, although both parties agreed during the telephonic hearing in this case that the state action is still pending.

On May 22, 2017, Envy commenced this action. (Doc. No. 1). Envy alleges in its complaint that, since September 15, 2011, it has continued to operate at its present location as a

---

[1] Minot contends in its answer that EBP, Inc., is the license holder of the establishment at 101 S. Main St. and that it, not Envy Gentlemen's Club, is the real party in interest. (Doc. No. 6, p.1).

lounge without entertainment dancing. (Doc. No. 1, p. 2). Envy claims that, in an effort to reinstitute its entertainment dancing, it has tried working with Minot to find a location that meets the requirements of the Ordinance, but has been unable so. (Id.). Envy claims that potential sites in the M-2 Heavy Industrial District were either "occupied, not available for sale, not on the 2011 zoning map, or completely unaffordable." (Id. at p. 4). Envy alleges Minot was aware of the unavailability of a suitable location within the permitted zoning district at the time the ordinances in question were enacted or later amended and that its real objective was to zone Envy's entertainment dancing business out of existence. (Id. at p.3). Envy contends that, in so doing, Minot knowingly denied Envy's rights of freedom of expression under the United States Constitution's First Amendment. To address this violation, Envy requests injunctive relief and damages. (Id. at pp. 4-5). In the alternative, Envy asks the court to declare there has been an unconstitutional taking of its property and that it be awarded damages on that basis. (Id. at pp. 6-7).

The claims that Envy asserts in its federal complaint mirror those raised in its state action.[2] That is, Envy's state complaint raises both a First Amendment freedom-of-expression claim and a takings claim.[3] (Doc. Nos 1; 14-2).

In the motion now pending, Minot argues this court should decline to exercise jurisdiction based the abstention doctrine arising out of the seminal case of Younger v. Harris, 401 U.S. 746,

---

[2] In addition to the constitutional claims, the state court complaint appears to allege one or more state law claims, including that Minot was required to allow Envy to continue its pre-existing use (*i.e.*, it should have been treated as having been "grandfathered") and that N.D.C.C. ch. 12.1-27.1 prohibits cities from regulating morality through the utilization of their zoning authority. (Doc No. 14-2, p. 3).

[3] While Envy alleges an unconstitutional taking in both this and the state court action, it is silent as to which constitution it claims was violated, *i.e.*, whether it is the United States Constitution, North Dakota's Constitution, or both. (Doc. Nos. 1, p. 6; 14-2, p. 3).

3

756 (1971) and commonly referred to as Younger abstention. Envy resists the motion, confining its opposition to the merits of Minot's motion.

## II. LEGAL DISCUSSION

### A. The court is required to abstain

In Younger, the Supreme Court held that federal courts may not enjoin pending state court criminal proceedings except in exceptional circumstances. Younger, 401 U.S. at 756. Since then, the Younger abstention doctrine has been expanded to provide that "federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state court proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding. Plouffe v. Ligon, 606 F.3d 890, 892 (8th Cir. 2010) ("Plouffe") (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

There are some exceptions, however. Even if the three Middlesex requirements are met, "a federal court should not abstain if there is a showing of 'bad faith, harassment, or some extraordinary circumstance that would make abstention in appropriate.'" Id. at 893 (quoting Middlesex, 457 U.S. at 435). Also, abstention is not appropriate where the state statute being enforced in all respects patently and fragrantly violates express constitutional prohibitions no matter how applied. See, e.g., Plouffe, 606 F.3d at 893.

In this case, both parties agreed during the hearing that the state action is still pending despite the lack of any action on Envy's part since 2011. In addition, Minot's attorney stated it would resist any attempt by Envy to dismiss that action in favor of this proceeding. Given these circumstances, the first Middlesex factor is clearly satisfied. Envy cannot use its own inaction in the state court proceeding (likely because of the unfavorable ruling over the lifting of the temporary injunction) as a basis for concluding there is no ongoing state judicial proceeding. In fact, even

if Envy had received an unfavorable ruling on the merits by the state district court, it would have been obligated to appeal that decision to the North Dakota Supreme Court before being entitled to any federal court consideration, if there would be any to be had. See, e.g., New Orleans Pub. Serv., Inc. v. New Orleans, 491 U.S. 350, 369 (1988) ("NOPSI") ("For Younger purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as sovereign. For the same reason, a party may not procure federal intervention by terminating the state judicial process prematurely—forgoing the state appeal to attack the trial court's judgment in federal court.").

As for the second requirement, it does not appear that Envy seriously contends that Minot's interests are not important ones. However, even it does, it is to no avail. See, e.g., Night Clubs, Inc. v. City of Fort Smith, Ark., 163 F.3d 475, 480 (8th Cir. 1998) ("Night Clubs, Inc.") ("enforcement and application of zoning ordinances and land use regulations is an important state and local interest"); Central Ave. News, Inc. v. City of Minot, N.D., 651 F.2d 565, 568 (8th Cir. 1981) (enforcement of Minot's ordinances regulating the business of adult book stores involved "important state interests promoting the general welfare").

Lastly, with respect to the third Middlesex requirement, Envy raised the same First Amendment and takings claims in its state court action that it makes in this case. And, while the state court vacated the preliminary injunction, there is nothing in the state court's opinion that suggests it will not consider Envy's federal constitutional claims on the merits.

Turning then to the exceptions to the Younger abstention, Envy has failed to demonstrate: (1) that Minot has acted in bad faith or in a harassing manner; (2) the existences of extraordinary circumstances; or (3) that ordinances in question are patently and flagrantly unconstitutional

regardless of how they might be applied. Cf. Plouffe, 606 F.3d at 895; Night Clubs, Inc., 163 F.3d at 481. In terms of the latter, "[m]erely invoking the First Amendment does not automatically exclude the application of the Younger abstention doctrine." Geier v. Missouri Ethics Com'n, 715, F.3d 674, 680 (8th Cir 2013). As the Eighth Circuit has observed, it has applied Younger abstention in cases raising First Amendment issues. Id.

In short, the court agrees that it should abstain in this action.

### B. The court will stay this action - at least for the present

Having concluded that abstention under Younger is appropriate, the only question that remains is whether the court should stay this action or dismiss it. In Night Clubs, Inc., the Eighth Circuit concluded that a stay of the action, as opposed to dismissal, is generally appropriate when a claim for damages has been made in federal court or the possibility of a return to federal court otherwise remains. 163 F.3d at 481-82. In terms of the former, the Eighth Circuit noted an exception, that being where the only possibility for an award of damages is when the state statutory scheme would first have to be declared unconstitutional. Id.

While it might very well be that this exception applies, the court, nevertheless, deems it prudent to stay this action for now rather than dismiss it. While the parties agree that the state action is still pending, there may be some uncertainty as to how the state court might treat the long hiatus in the state court action.[4] Further, it is not clear at this point what defenses have been raised by Minot in the state court action. Notably, however, it has pled as a defense in this case that Envy failed to exhaust remedies. And, if the same defense has been raised in the state action, it is not clear at this point what remedies are being referred to and whether any such failure would require this court to abstain if the state court was to dismiss on that basis. Also, of concern with

---

[4] The court need not decide now what impact a dismissal of the state court action for non-prosecution might have in terms of application of the Younger abstention, but Envy may be out of luck. See NOPSI, 491 U.S. at 369.

6

respect to a possible return to this court is that Minot claims in its answer that, even now, the present action is barred by the statute limitations as well as the doctrine of laches. (Doc. No. 6, p. 4).

That being said, the parties can address the issue of whether dismissal is more appropriate than a stay later if it becomes clear that there can be no return to federal court and that the referenced exception applies.

### III.    ORDER

The court has carefully reviewed the entire record, the parties' briefs, and the relevant case law. For the reasons set forth above, Minot's Motion to Dismiss (Doc. No. 14) is **GRANTED IN PART AND DENIED IN PART**. This action is **STAYED** pending further order of the court.

**IT IS SO ORDERED**.

Dated this 26th day of July, 2018

*/s/ Charles S. Miller Jr.*
Charles S. Miller Jr.
United States Magistrate Court