## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Envy Gentlemen's Club, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER LIFTING STAY AND OF DISMISSAL** |
| | ) | **WITHOUT PREJUDICE FOR FAILURE TO** |
| vs. | ) | **PROSECUTE** |
| | ) | |
| City of Minot, | ) | Case No. 1:17-cv-103 |
| | ) | |
| Defendant. | ) | |

This case arises out of certain zoning ordinance changes enacted by the Minot City Council on July 7, 2008. (Doc. No. 14). In November 2010, Envy Gentleman's Club ("Envy") filed suit against the City of Minot ("the City") in state district court challenging the constitutionality of these ordinances. On June 17, 2011, the state district court granted an ex parte request for a temporary injunction enjoining enforcement of the ordinances. (Doc. Nos. 1-1; 14-4, p. 3). It vacated the temporary injunction on September 20, 2011.

Envy filed the above-captioned action in May 2017, asserting claims mirroring those it had raised in the still pending state action. The City filed a Motion to Dismiss on February 19, 2019, asserting that this court should decline to exercise jurisdiction pursuant to Younger v. Harris, 401 U.S. 746 (1971).

On July 26, 2019, this court granted the City's motion in part and stayed this action pending further order. (Doc. No. 20). On February 15, 2019, at the court's direction, Envy filed a status report, advising:

> As of this date, the [State] District Court has not acted on the case. The City of Minot has asked whether my clients would agree to dismiss the case. We would dismiss if we know that the issues raised in the Federal case would remain open to be decided.

> For this reason, we will file a Motion with the [State] District Court next week, again indicating that the Federal Court believed the [State] District Court action to still be open. In that Motion, we will ask for specific findings in areas that my clients believe were not addressed previously by the [State] District Court.

(Doc. No. 22). .

On August 13, 2020, the court issued an giving Envy until August 31, 2020, to update it on the status of the state case and to show cause why it should lift the stay and dismiss this case without prejudice for failure to prosecute. Plaintiff to date has not responded to the court's order.

Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules. Fed.R.Civ.P. 41(b. District courts also have inherent power to dismiss sua sponte a case for failure to prosecute. See Sterling v. United States, 985 F.2d 411, 412 (8th Cir.1993) (reviewing the district court's exercise of this power for abuse of discretion); see also Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)).

Envy's dispute with the City has now been ongoing for the better part of a decade. Approximately 19 months have since passed since Envy last updated this court on the status of the proceedings it had initiated against the City in state district court. Envy has failed to keep this court apprised of the status of its state court action as directed. It was warned that its failure to do so could result in dismissal. It was given ample opportunity to respond. It's silence is telling.

The court can see no compelling reason to allow this matter to further languish on the docket. Accordingly, in the exercise of its discretion, court lifts the stay and **ORDERS** that this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**IT IS SO ORDERED.**

Dated this 28th day of September, 2020.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court